(C. D. 510)

Vanillaproco, Inc. *v.* United States

United States Customs Court, Third Division

(Decided June 6, 1941)

*Daniel P. McDonald* for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General. (*Joseph F. Donohue,* special attorney), for the defendant.

Before Cline and Keefe, Judges

Keefe, Judge: This suit involves the classification of merchandise invoiced as "Powdered Vanilla." The merchandise was entered under paragraph 92, providing for "vanilla beans," and the trade agreement with France, T. D. 48316, at 15 cents per pound. The collector, however, assessed duty thereon at the rate of 20 per centum ad valorem under paragraph 1558, Tariff Act of 1930, as a nonenumerated manufactured article. The importer claims that the merchandise is properly dutiable under the *eo nomine* provision for vanilla beans.

At the trial of this case the collector's letter of transmittal and the appraiser's report, together with the report of the United States customs laboratory, were admitted in evidence and the case submitted.

Counsel for the plaintiff contends that the provision for vanilla beans covers such article in all of its forms and is sufficiently broad to cover the powdered form thereof.

Counsel for the Government, on the other hand, claims that paragraph 92 provides for the article in its natural state and, as there was no evidence submitted to prove that the merchandise had not been manufactured, the collector's classification must stand as presumptively correct.

Among other decisions cited the Government relies upon the case of *Providence Drysalters Co.* v. *United States,* T. D. 37706, involving the classification of ground locust beans. There it was claimed that

the merchandise was dutiable under a provision in the Tariff Act of 1913 for "Seeds: * * * Saint John's bread or bean." The court held that the processes applied to the article were sufficient to remove it from classification under the provision for seeds.

In that case, however, the provision under which Saint John's bread or bean appeared was one for "Seeds." Such heading of the paragraph specifically designated the form in which the article shall be classified under the paragraph. In the case before us the provision is *eo nomine*, without terms of limitation or any contrary legislative intent that would exclude the article in any form. The evidence establishes that the article is recognized as vanilla beans in the form of a powder.

A somewhat similar case was considered by our appellate court in the case of *Brown* v. *United States*, 6 Ct. Cust. Appls. 415, T. D. 35977, wherein certain soya beans, which had been cooked and salted and packed in tins, were held free of duty as under the *eo nomine* provision for "soya beans" rather than as beans prepared or preserved, or contained in tins, jars, etc. In so deciding the court stated that they found nothing in the tariff act or in the history of the legislation which would warrant them in saying that Congress intended that the terms of the general description in the paragraph covering prepared or preserved beans should be preferred when brought into competition with the *eo nomine* designation for "soya beans."

In the case of *Faunce* v. *United States*, T. D. 46925, certain soya-bean flour was classified as soybeans, prepared, under paragraph 775 of the Tariff Act of 1930. The claim was made that the merchandise was dutiable as a nonenumerated manufactured article under paragraph 1558. There the plaintiff argued that the identity of the beans is lost in the manufacturing process and that the soya-bean flour which is produced is no longer soya beans. The court was not in accord with that view and stated:

* * * The portions of the soya beans that have been removed, so far as the record shows, are those which are undesirable elements in a flour, viz, hulls, oil, and fat. After the removal of those elements the bean itself is ground into flour.

In the case of *Smillie* v. *United States*, 11 Ct. Cust. Appls. 199, T. D. 38966, the appellate court held as follows:

Where a dutiable provision names an article without terms of limitation all forms of the article are thereby included unless a contrary legislative intent otherwise appears.

Also in the case of *Nootka Packing Co.* v. *United States*, 22 C. C. P. A. 464, T. D. 47464, our appellate court held that:

* * * An *eo nomine* statutory designation of an article, without limitations or a shown contrary legislative intent, judicial decision, or administrative practice to the contrary, and without proof of commercial designation, will include all forms of such article.

The merchandise at bar is vanilla beans in the form of a powder. There is no limitation or contrary legislative intent, judicial decision, or administrative practice that would tend to exclude the powdered form from the provisions of that paragraph. In the absence of such expressed intent the merchandise is properly dutiable under the *eo nomine* provision.

Judgment will be entered in favor of the plaintiff directing the collector to reliquidate the entry, assessing duty upon the powdered vanilla beans in question at 15 cents per pound under paragraph 92 of the Tariff Act of 1930, as amended by T. D. 48316, and to make refund accordingly.