(C. D. 588)

B. CARDINALE v. UNITED STATES

United States Customs Court, First Division

(Decided January 30, 1942)

*Strauss & Hedges* (*Howard C. Carter* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Joseph Donohue*, special attorney), for the defendant.

Before OLIVER and WALKER, Judges

WALKER, Judge: In this suit against the United States plaintiff seeks to recover certain money claimed to have been illegally exacted as customs duties. The merchandise involved consists of sliced, dried mushrooms, packed in tins. Duty was assessed thereon at the rate of 10 cents per pound and 45 per centum ad valorem under the provision in paragraph 768 of the Tariff Act of 1930 for—

Mushrooms, fresh or dried   *   *   *

Two claims are made in the protest as originally drawn with reference to the classification of the merchandise, viz, first, that it is more properly classifiable under the provision in paragraph 775 of the same act for—

Vegetables (including horseradish), if cut, sliced, or otherwise reduced in size, or if reduced to flour, or if parched or roasted, or if pickled, or packed in salt, brine, oil, or prepared or preserved in any other way and not specially provided for;   *   *   *   35 per centum ad valorem;   *   *   *

or, alternately, under the provision in paragraph 768 of the same act as modified by the French Trade Agreement, T. D. 48316, for—

Mushrooms, prepared or preserved, other than dried—8¢ per lb. on drained weight and 25% ad val.

Before the case was called for trial, a motion to amend the pleadings was filed by counsel for the plaintiff, to which no objection was taken by counsel for the defendant and it was accordingly granted. The motion adds the following claim to the protest:

It is further and alternatively claimed that you have assessed duty on the basis of too great a net weight, and that the specific duty, if applicable, should be assessed on the net weight of the mushrooms alone exclusive of any extraneous matter.

The plaintiff herein, the importer of the merchandise, took the stand and testified that he had been in the retail grocery business for 20 years. He stated that the importation consisted of 5- and 10-pound sealed tins containing sliced, dried mushrooms and also some crushed black pepper to prevent the growth of mold and some bay leaves "to make a good appearance."

He stated that he had been abroad and seen merchandise such as that in issue prepared for shipment, and described the process as follows: The mushrooms grow wild, and after picking they are cleaned and put in the sun to dry the dampness out of them. Then they are sliced in slices of a quarter or a third of an inch thick and put on screens and put out again in the sun to dry. This second drying takes from a day and a half to two and a half days, after which the mushrooms are put into bags and shipped to different markets as a wholesale commodity. They are purchased by various people among whom are exporters, and the latter take them to packing plants, where, on a dry day, they are pressed, placed in the tin cans with the pepper and bay leaves, and the tins sealed and exported.

On behalf of the plaintiff it is urged that the merchandise at bar is more than dried mushrooms, as classified by the collector, and consists of sliced mushrooms, dried, and prepared and/or preserved, and is

entitled to classification as "vegetables * * * sliced or otherwise reduced in size," or as "vegetables * * * prepared or preserved in any other way and not specially provided for." The theories behind these contentions are, first, that slicing is a form of preparation and that therefore the mushrooms at bar are in fact mushrooms, prepared; and, second, that the addition of the pepper to the tin of mushrooms to prevent mold is a process for preservation of the mushrooms, and hence they are mushrooms, preserved.

That mushrooms are vegetables in a tariff sense does not appear to be open to question. It is clear from the evidence that neither the pepper nor the bay leaves add flavor to the mushrooms, the former being placed in the can to prevent rot or mold, and the latter just for appearance purposes. It is likewise clear that the pepper and the bay leaves do not change the mushrooms in any way, and we are satisfied that as imported they are nothing more than sliced, dried mushrooms. In view of this, we think the question of the classification of the articles at bar is controlled by the relative specificity of the language of the paragraphs under which they were classified and under which claim is made.

Dried mushrooms are provided for *eo nomine* in paragraph 768, *supra*. It is noted that all of the decisions cited by counsel for the plaintiff wherein sliced vegetables were held to be dutiable under the provision for prepared vegetables involved a conflict between that provision and the provision for vegetables in their natural state. The competition in the case before us is between an *eo nomine* provision and a general provision for vegetables, sliced, or prepared, or preserved, not specially provided for.

In *Brown & Co.* v. *United States*, 6 Ct. Cust. Appls. 415, T. D. 35977, soya beans which had been cooked and salted, but not enough to prevent their identification as soya beans, and packed in tins, jars, bottles, or similar packages, were held to be more specifically classified under the provision for "soya beans" than under the provision for "beans * * * prepared or preserved, or contained in tins, jars, bottles, or similar packages." See also *Neuman & Schwiers Co. et al.* v. *United States*, 4 id. 64, T. D. 33310, wherein hams which had been cured, cooked, boned, and packed in tins were held to be classifiable under the provision for "hams" rather than under the provision for "meats of all kinds, prepared or preserved, not specially provided for in this section."

The rule of these cases was enunciated in *United States* v. *General Hide & Skin Corp.*, 11 id. 78, T. D. 38731, as follows:

* * * where an article is designated without words of limitation, that designation will generally include the article in all its forms known to commerce.

Applying the rule to the sliced, dried mushrooms at bar we must hold that they properly fall within the purview of the provision for dried mushrooms in paragraph 768, as classified by the collector.

We are convinced that plaintiff's second classification claim, viz, that the merchandise is entitled to classification under the provision in paragraph 768 as amended by the French Trade Agreement, T. D. 48316, for "mushrooms, prepared or preserved, other than dried" is entirely untenable. The record is clear that the mushrooms in issue were dried, which fact automatically excludes them from classification under the aforementioned provision.

There remains to be disposed of only the claim made by the plaintiff by amendment to the protest that if the merchandise is properly dutiable at a specific rate of duty—and we have hereinabove held that it is properly dutiable at the compound rate of 10 cents per pound and 45 per centum ad valorem—such specific duty should have been taken only on the weight of the mushrooms, exclusive of the weight of the pepper and bay leaves. In support of this claim the importer testified that he would "figure" that 3½ ounces to a quarter of a pound of pepper were placed in a 5-pound tin, and 5½ to 6 ounces were placed in a 10-pound tin.

On cross-examination the witness admitted that neither the labels on the tins nor the declarations of the shipper in reference thereto bore a statement indicating that peppers or bay leaves had been added thereto. He stated that upon importation it was his practice to weigh one tin out of the shipment, but that as to the instant importation he had no recollection of doing that and had kept no record.

No sample of the merchandise was offered in evidence by either side, and on the record before us we are of the opinion that the testimony of the witness as to the amount of pepper contained in the tins is too vague to warrant a finding that any particular, substantial amount thereof was present.

All of the claims made by the plaintiff are therefore overruled, and judgment will issue accordingly.