(C. D. 765)

WING CHONG LUNG CO. ET AL. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided May 7, 1943)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Robert C. O'Grady*, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

CLINE, Judge: This is a suit against the United States in which the plaintiffs seek to recover a part of the duty assessed on certain salted turnips at the rate of 35 per centum ad valorem under paragraph 775 of the Tariff Act of 1930. It is claimed in the protests that the merchandise is dutiable at 12½ cents per one hundred pounds under the provision for turnips in paragraph 773, as modified by the trade agreements with Canada.

Seven protests were consolidated for trial. Neither the collector nor the appraiser filed reports in these cases and we are unable to determine from the record under which provision in paragraph 775 the merchandise was classified. The Assistant Attorney General states in his brief that it was classified under the following provision:

PAR. 775. Vegetables * * * packed in salt, brine, oil, or prepared or preserved in any other way and not specially provided for * * * 35 per centum ad valorem; * * *.

The provision under which the plaintiffs claim reads as follows:

PAR. 773. Turnips and rutabagas, 25 cents per one hundred pounds.

The rate in the latter paragraph was reduced in the trade agreements with Canada to 12½ cents per one hundred pounds, T. D. 48033 and T. D. 49752.

At the trial a sample similar to the merchandise involved was introduced in evidence and marked illustrative exhibit A. It con-

sists of a number of small bunches of dark-brown substances in a glass jar. The bunches appear to be about 1½ to 2 inches in diameter, having a flat substance wrapped around each bunch and fastened with a narrow strip which also looks like the same material.

The first witness called by the plaintiffs was Mr. Benjamin C. Arnold, who is a customs examiner at the port of Los Angeles. He testified that he examined the shipments herein involved; that the exhibit appears to be "turnips, or some tuberous vegetable that has been sliced or cut into pieces, and also in addition it contains the tops or greens which appear to be turnip tops or greens"; that "it also contains considerable salt, and appears to have been preserved or prepared with salt brine, or a salt."

One of the bunches in the exhibit was separated and he testified that the strip with which the bunch was tied appears to be some leafy vegetable which in his opinion was a turnip. That sample was marked illustrative exhibit B. Another portion of the exhibit, which was about half of an inch wide, a quarter of an inch thick, and about 4½ inches long, was marked illustrative exhibit C. He testified that "it has more the appearance of a root rather than a turnip judging by the roughness of the skin and the direction of the grain, and the length" but "there may be a turnip of that variety." Another portion of the exhibit was marked illustrative exhibit D. The witness testified that it "is a piece of a vegetable, triangular in shape, with skin on one side" and "appears to be the same vegetable as the last piece," illustrative exhibit C. Another portion of the exhibit was marked illustrative exhibit E. The witness testified that it is a "part of the tops of greens of a vegetable" but it was impossible to tell whether or not it was from a turnip, as a turnip, mustard and Chinese cabbage are similar in appearance. Another portion of the exhibit was marked illustrative exhibit F. The witness testified that it "is a piece of vegetable sliced about a quarter of an inch thick, an inch square, and appears to be the same as the other two pieces of vegetable." The witness testified further that he did not consider the leaf part of the greens to be turnips.

On cross-examination the witness testified that he could not tell by looking at certain parts of the exhibits in a pickled or brined state just what they are, because turnip tops or greens, mustard tops and Chinese cabbage look alike and are similar in use, taste, appearance, and odor; that the sliced portion of the root in illustrative exhibit A is the greater in weight and the greens are approximately a third of the whole; that the salt in both portions is about equal; that during his experience he has classified such articles as "vegetables, salted or in brine, or prepared or preserved, not specially provided for"; that he would never classify them as turnips.

The next witness called by the plaintiff was Mr. Tom Soon Dick, who is manager for Wing Chong Lung Co. He testified that he has

been familiar with merchandise like illustrative exhibit 1 for 30 years; that he had seen such merchandise in China; that it is made from turnips; that they "just take it from the ground and slice, and dry a little bit in the sun, and put salt in it, and just roll them up"; that the product is used for eating as a vegetable and there is nothing in the exhibit that is not a part of a turnip.

On cross-examination the witness testified that there is no similarity between the exhibit and other Chinese vegetables; that Chinese cabbage is not like the exhibit. When asked if any other Chinese vegetable is similar to the exhibit he answered "I don't know." The witness was asked if he ever studied botany and he answered "not much, sometimes." He said that "over here we have the farm ranch" but he never grew the products.

Counsel for the plaintiffs claims, in his brief, that the merchandise is dutiable under the provision for turnips, invoking the well-known rule of construction to the effect that "where a dutiable provision names an article without terms of limitation, all forms of the article are thereby included in the provision unless a contrary legislative intent appears," citing the following decision: Nozaki Bros. v. United States, 64 Treas. Dec. 914, Abstract 25335, affirmed on rehearing in 68 Treas. Dec. 1091, Abstract 32355, covering segments of oranges, packed in sirup, which were held dutiable under the provision for oranges rather than as prepared or preserved fruits; Nootka Packing Co. et al. v. United States, 22 C. C. P. A. (Customs) 464, T. D. 47464, covering minced clams which were held dutiable under the provision for "Clams, clam juice, or either in combination with other substances" rather than as shellfish, prepared or preserved; Centennial Flouring Mills Co. et al. v. United States, 29 C. C. P. A. (Customs) 264, C. A. D. 200, covering ground kelp which was held classifiable under the provision for "kelp" rather than under the provision for seaweeds, manufactured.

The defendant cites numerous decisions holding that the treatment of a commodity with salt or brine is a preservation or preparation, and also the following decisions where the rule of construction invoked by the plaintiff has been held not effective to control the classification: United States v. La Manna, Azema & Farnan et al., 14 Ct. Cust. Appls. 123, T. D. 41647, relating to pickled onions; Brennan v. United States, 136 Fed. 743, T. D. 26317, relating to limes in brine; United States v. Reiss & Brady, 136 Fed. 741, T. D. 25946, relating to figs, preserved in sugar, molasses, spirits, or in their own juices; Magone v Heller, 150 U. S. 70, relating to sulphate of potash used for manure.

Many of the cases cited by the defendant, and also other cases of similar import, were reviewed and distinguished in Nootka Packing Co. et al. v. United States, supra. The court held that in each case there was some indication of the intent of Congress, commercial designation or some other reason why that rule of construction should

not be considered. The court cited many other cases where that rule of construction was invoked. The court announced the rule and the exceptions thereto, stating on page 470 as follows:

The clear weight of the authorities on the subject is that an *eo nomine* statutory designation of an article, without limitations or a shown contrary legislative intent, judicial decision, or administrative practice to the contrary, and without proof of commercial designation, will include all forms of said article.

Recent decisions of this court invoking the same rule of construction are as follows: *Vanillaproco* v. *United States*, 6 Cust. Ct. 441, C. D. 510, covering powdered vanilla beans; *B. Cardinale* v. *United States*, 8 Cust. Ct. 119, C. D. 588, covering mushrooms, sliced and dried; *Quong Lee & Co. et al.* v. *United States*, 10 Cust. Ct. 23, C. D. 716, covering kumquat oranges, preserved in sugar or in sirup.

We find that the weight of evidence establishes that the salted turnips in this case are, in fact, turnips preserved by salt and we hold that, inasmuch as turnips are provided for in paragraph 773 without terms of limitation, the merchandise is dutiable under the provision for "turnips" at 12½ cents per one hundred pounds in paragraph 773 of the Tariff Act of 1930, as modified by the trade agreements with Canada, T. D. 48033 and T. D. 49752, there being apparently no legislative intent, judicial decision, or administrative practice to the contrary, or proof of commercial designation. Judgment will be entered in favor of the plaintiffs.