(C. D. 844)

S. M. SARTORI, INC., ET AL. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 13, 1944)

*Strauss & Hedges; Barnes, Richardson & Colburn* (*J. Bradley Colburn* of counsel) for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General (*William J. Vitale,* special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

CLINE, Judge: This is a suit against the United States in which the plaintiffs seek to recover a part of the duty assessed on certain dried slices of mushrooms imported in tin cans. Two protests were consolidated for trial.

The collector classified the merchandise as dried mushrooms and assessed duty thereon at 10 cents per pound plus 45 per centum ad valorem under paragraph 768 of the Tariff Act of 1930 and the plaintiffs claim in the protests that duty should have been assessed at 35 per centum ad valorem under paragraph 775, or at 8 cents per pound plus 25 per centum ad valorem under paragraph 768 as modified by the trade agreement with France, published in T. D. 48316.

The same issue was decided in *B. Cardinale* v. *United States,* 8 Cust. Ct. 119, C. D. 588, adversely to the plaintiffs' contention. In the instant case, counsel for the plaintiffs relies, in his brief, only on the claim that the merchandise is dutiable under the provisions of the trade agreement with France, *supra.* The competing provisions read as follows:

PAR. 768. Mushrooms, fresh or dried, 10 cents per pound and 45 per centum ad valorem; otherwise prepared or preserved, 10 cents per pound on drained weight and 45 per centum ad valorem.

PAR. 768. [As modified by the trade agreement with France, T. D. 48316.] Mushrooms, prepared or preserved, other than dried—8¢ per lb. on drained weight and 25% ad val.

The merchandise covered by protest 997777–G was imported from Italy while that covered by protest 47878–K came from France. Four witnesses were called by the plaintiffs. The record shows that the mushrooms from both of the countries were of the same species and that they were treated in the same manner.

The witnesses testified that the mushrooms are gathered near chestnut trees; that they are then sliced and put on open trays and set in the sun to dry for 6 or 7 days and all of the water in the mushrooms, except about 12 per centum, is removed; that they are then sent to the canning company where the dried slices are placed in cans in layers with black pepper between each layer, and a few laurel or bay leaves are placed on top for decorative purposes, after which the cans

are sealed; that the cans contain 5 pounds of the slices and about 6 or 8 ounces of pepper; that the black pepper is not used for seasoning purposes but is brushed off when the commodity is used; that, if the pepper is not placed in the tins, insects called "Insectos larvaes" develop in the mushrooms and destroy the commodity, and, when the cans are opened, they appear in the form of flying bugs or butterflies, the mushrooms being moldy or reduced to powder; that some undried Italian and French mushrooms are packed in olive oil or in brine, or are pickled in vinegar; that different species which grow in Poland and Russia are dried on strings in the sun and are imported into this country on strings, either in bags or baskets.

The plaintiffs contend that the uncontradicted evidence establishes that the articles herein involved are properly comprehended within the term "mushrooms, prepared or preserved, other than dried" rather than under the provision for "mushrooms, * * * dried" and that they are more specifically provided for under the terms of the trade agreement with France, supra.

In B. Cardinale v. United States, supra, the main claim of the importer was that the commodity was dutiable under paragraph 775 as "vegetables * * * sliced, or otherwise reduced in size" or as "vegetables * * * prepared or preserved in any other way and not specially provided for; * * *." However, the court considered the alternative claim that the merchandise was dutiable under the provisions in the trade agreement with France, supra, using the following language:

> We are convinced that plaintiff's second classification claim, viz, that the merchandise is entitled to classification under the provision in paragraph 768 as amended by the French Trade Agreement, T. D. 48316, for "mushrooms, prepared or preserved, other than dried" is entirely untenable. The record is clear that the mushrooms in issue were dried, which fact automatically excludes them from classification under the aforementioned provision.

The plaintiffs claim that the record in the instant case is fuller than that in the case cited and that this record should result in a different decision, but it is evident that the commodity was processed in substantially the same manner as is related in that decision. Lucciano Rossi v. United States, 68 Treas. Dec. 369, T. D. 47917, is another case relating to dried mushroom slices packed in airtight containers and imported from Italy, but nothing is said in that decision with respect to the addition of black pepper and laurel or bay leaves. The merchandise in that case was classified by the collector under the provision for mushrooms "prepared or preserved" under the second part of paragraph 768 of the Tariff Act of 1930, but the court held that it was dutiable under the provision for "mushrooms, * * * dried" in the first part of the paragraph, the rate of duty assessed being the same in both sections. That decision was affirmed on

appeal (*Lucciano Rossi* v. *United States*, 24 C. C. P. A. (Customs) 18, T. D. 48290).

It is well settled, therefore, that the slicing and drying of the articles and the packing thereof in airtight containers do not bring them within the provision for mushrooms, "prepared or preserved." Those points having been settled by judicial decision, the only remaining question for consideration is whether the laurel or bay leaves used for decorative purposes in the cans and the black pepper placed therein to kill insects are sufficient to invoke the provision for "mushrooms, prepared or preserved, other than dried." We are of opinion that this further treatment does not accomplish that purpose. The situation is analogous to that in *Bernard Judae & Co.* v. *United States*, 14 Ct. Cust. Appls. 323, T. D. 41957, wherein sun-bleached ruscus, which had been subjected to the fumes of burning sulphur for the purpose of killing the bugs on the leaves and for preserving the commodity during transportation, was held to be in the same condition as it was before such treatment, that is, to be "fibrous vegetable substances, not dressed or manufactured in any manner" under paragraph 1582 of the Tariff Act of 1922.

The commodity in the instant case, as imported, is in the same condition as it was after being dried in the sun, and, as the provision in the trade agreement under which the plaintiffs claim excludes dried mushrooms, we hold that the collector properly classified the importations. The protests are overruled. Judgment will be rendered in favor of the defendant.