(C. D. 1055)

CROSSE & BLACKWELL CO. *v.* UNITED STATES

## United States Customs Court, Third Division

(Decided June 11, 1947)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster* and *William J. Vitale*, special attorneys), for the defendant.

Before CLINE and EKWALL, Judges

CLINE, Judge: This is a suit against the United States, arising at the port of Baltimore, against the collector's assessment of duty on mangoes in brine at 7½ cents per pound under paragraph 746 of the Tariff Act of 1930, as modified by the trade agreement with Mexico, T. D. 50797. It is claimed that the merchandise is properly dutiable at 35 per centum ad valorem under paragraph 752, as fruits in brine.

The pertinent provisions of the tariff act are as follows:

PAR. 746. [as modified by the Mexican Trade Agreement T. D. 50797]
    Mangoes_____7½ ¢ per lb.
PAR. 752. Fruits * * * in brine, pickled * * * or otherwise prepared or preserved, and not specially provided for * * * 35 per centum ad valorem * * *.

At the trial plaintiff called W. L. Kennedy, director of purchases of Crosse & Blackwell Co. He testified that the imported merchandise is a variety of mango, known as a "turpentine mango" because it has a flavor similar to turpentine; that the merchandise is prepared by peeling the fruit, removing the seeds, slicing it, and packing it into barrels, 10 pounds of salt being added to each 50 pounds of sliced mangoes; that when the barrel is filled, the mangoes are covered with a 15-degree brine; that the bung of the barrel is kept open and fermentation takes place, causing the brine to come out of the bunghole; that each day the brine is replaced until fermentation ceases; that the barrel is then closed up and the merchandise is ready for shipment; that the brine is added to get a controlled fermentation and thereafter to serve as a preservative; that this process is a standard pickling method; and that the merchandise is used as an ingredient in the manufacture of chutney. The witness further stated that there are about 88 varieties of mango; that the Hayden mango is the finest variety and is edible, but that the turpentine mango is quite fibrous and unpleasant to eat as fresh fruit, and that its taste is disagreeable. He tasted a sample of the imported merchandise and said that it had an extremely salty flavor. He stated that the price of the shipment was 8 cents per pound and that he had seen the Hayden mango selling at from $4 to $4.50 per bushel when the turpentine mango was available at 40 cents per bushel.

The only issue is whether the imported merchandise is dutiable under the *eo nomine* provision for mangoes in paragraph 746, as modified by T. D. 50797, or as fruits in brine under paragraph 752. The general rule is that "an *eo nomine* statutory designation of an article, without limitations or a shown contrary legislative intent, judicial decision, or administrative practice to the contrary, and without proof of commercial designation, will include all forms of said article." *Nootka Packing Co.* v. *United States*, 22 C. C. P. A. 464, 470, T. D. 47464. In that case clam meat, washed, and cut into pieces which could be identified as parts of clams, then cooked and canned in brine, was held dutiable under the provision for clams, packed in airtight containers, rather than free of duty as shellfish, prepared or preserved.

The rule laid down in that case has been followed on numerous occasions. *United States* v. *Nippon Co.*, 32 C. C. P. A. 164, C. A. D. 303 (kelp treated with monosodium glutamate held free of duty as kelp rather than dutiable as a prepared vegetable); *Quong Lee & Co.* v. *United States*, 10 Cust. Ct. 23, C. D. 716, and *United States* v. *Fung Chong Co.*, 34 C. C. P. A. 40, C. A. D. 342 (preserved kumquats held dutiable as oranges rather than as preserved fruit); *Vanillaproco, Inc.* v. *United States*, 6 Cust. Ct. 441, C. D. 510 (powdered vanilla held dutiable as vanilla beans rather than as a nonenumerated manufactured article); *B. Cardinale* v. *United States*, 8 Cust. Ct. 119, C. D. 588 (sliced, dried mushrooms packed in tins with black pepper and bay leaves held dutiable as dried mushrooms rather than as vegetables, prepared); *S. B. Penick & Co., Inc.* v. *United States*, 14 Cust. Ct. 9, C. D. 904 (decocainized dried coca leaves held dutiable as coca leaves).

Plaintiff claims, however, that the merchandise herein is in the nature of a condiment or pickle rather than an edible fruit and that the case of *United States* v. *La Manna, Azema & Farnan*, 14 Ct. Cust. Appls. 123, T. D. 41647, is comparable. In that case the merchandise consisted of small white onions put up in bottles of white vinegar. They were assessed with duty as vegetables, pickled, under paragraph 773 of the Tariff Act of 1922 and were claimed to be dutiable as onions under paragraph 768. The court held that Congress had not intended the onion paragraph to include pickled onions, on the ground that previous tariff acts had assessed duty on onions by the bushel, thus indicating that the *eo nomine* designation included only onions in their natural state and not in a solution in brine.

Plaintiff also cites *Oreste Franchi* v. *United States*, 56 Treas. Dec. 562, T. D. 43710, wherein small oranges in brine were held dutiable as fruits in brine rather than under the *eo nomine* provision for oranges. It is to be noted, however, that in more recent cases the courts have

held preserved kumquats dutiable as oranges. *Quong Lee & Co.* v. *United States, supra; United States* v. *Fung Chong Co., supra.*

The following statement in the dissenting opinion of Judge Bland in *Nootka Packing Co.* v. *United States, supra,* indicates that under the rule laid down by the majority prepared mangoes would be dutiable under paragraph 746:

> Paragraph 746, Tariff Act of 1930, provides for *mangoes* at 15 cents per pound. Let us suppose that mangoes have been peeled, cut up into particles, cooked and canned. Under the decision of the majority, they would be dutiable under the *eo nomine* provision for mangoes if anyone could tell that the product in the can was made from mangoes, notwithstanding the fact that Congress in paragraph 752, made dutiable at 35 per centum ad valorem fruits, when prepared or preserved. * * * [Italics quoted.]

There are exceptions to the rule that an *eo nomine* designation includes all forms of the article, based upon the intent of Congress. It is generally held that a designation by use will prevail over an *eo nomine* designation, but only where Congress has not intended otherwise. *United States* v. *Snow's United States Sample Express Co.,* 8 Ct. Cust. Appls. 351, T. D. 37611; *United States* v. *H. Reeve Angel & Co., Inc.,* 33 C. C. P. A. 114, C. A. D. 324. This exception is not applicable here because the fruit paragraph is not a designation by use. Compare *United States* v. *Nippon Co., supra,* page 174.

Another exception to the general rule, based upon congressional intent, is found in *United States* v. *Wing Chong Lung Co.,* 33 C. C. P. A. 36, C. A. D. 312. It was there held that turnips which had been sliced, dried, salted, and packed were dutiable as vegetables, sliced or prepared, rather than under the *eo nomine* designation for turnips, on the ground that Congress intended the *eo nomine* designation to cover only turnips in their natural state.

It is apparent, therefore, that the controlling consideration in the instant case must be the intent of the lawmakers. Under the Tariff Act of 1922, mangoes were dutiable under the general fruit paragraph (749) at 35 per centum ad valorem. The Summary of Tariff Information, 1929, prepared for the use of Congress in drawing up the Tariff Act of 1930, contains the following statement in regard to that paragraph (page 1302):

> *Description and uses.*—This paragraph includes a large number of fruits, such as avocados, Chinese longans, guavas, loquats, mangos, persimmons, kumquats, plantains, cantaloupes, watermelons, and numerous other fruits not specially provided for, as well as many fruit preparations, such as dried lichi, raspberry pulp, and raspberry paste. Avocados are often called alligator pears.

In the Tariff Act of 1930, Congress enacted a special paragraph covering mangoes, without any words of limitation such as are often found in fruit paragraphs. For example, see paragraph 745 providing separately for peaches, green, ripe, or in brine, at one-half of 1 cent per pound; dried, desiccated, or evaporated, at 2 cents per pound;

otherwise prepared or preserved, and not specially provided for, at 35 per centum ad valorem; and paragraph 747 providing separately for pineapples at 50 cents per crate; in bulk, at 1⅙ cents each; candied, crystallized, or glacé, at 35 per centum ad valorem; otherwise prepared or preserved, and not specially provided for, at 2 cents per pound.

However, prepared and preserved mangoes were apparently not classified by customs officials under paragraph 746 until 1939. (See T. D. 49815 (3).) Thereafter, on January 30, 1942, a trade agreement negotiated with Mexico became effective. Pursuant to that agreement, duty on mangoes was reduced from 15 cents per pound to 7½ cents per pound. The Digest of Trade Data with Respect to Products on Which Concessions Were Granted By the United States in the Mexican Trade Agreement contains the following statements (pp. 122-3):

*General Statement.*

Quarantine regulations prohibit the importation of fresh mangoes, because of infestation by various fruit flies. Imports, therefore, consist entirely of mangoes which are canned, frozen, or otherwise prepared. Mangoes canned or preserved formerly entered as fruits "otherwise prepared or preserved, and not specially provided for," dutiable at 35 percent ad valorem under paragraph 752 of the tariff act, but since April 1939, under Treasury Decision 49815 (3), they have been dutiable, together with other mangoes, at the very much higher rate provided for in paragraph 746.

\*       \*       \*       \*       \*       \*       \*

*Competitive Conditions.*

The small imports consist entirely of mangoes canned, frozen, or otherwise prepared, whereas mangoes produced in the United States are virtually all marketed fresh.

It is clear, therefore, that the negotiators were not concerned with fresh mangoes, which could not be imported, but with mangoes canned, frozen, or otherwise prepared. Had they thought that paragraph 746 was limited to fresh mangoes, or mangoes in their natural state, they would not have found any reduction in the rate of duty necessary, since nothing would come in under that paragraph anyway. It has been held that information supplied in Digests of Trade Data may be considered by the courts in order to determine the intent of the parties as to the scope of terms used in trade agreements. *United States* v. *Good Neighbor Imports, Inc.*, 33 C. C. P. A. 91, C. A. D. 321; *C. H. Powell Co.* v. *United States*, 34 C. C. P. A. 29, C. A. D. 340; *Copeland & Thompson, Inc.* v. *United States*, 12 Cust. Ct. 85, C. D. 833. In the light of the above-quoted statements from the Digest of Trade Data, it is evident that prepared mangoes are included within paragraph 746, as modified. If mangoes, canned, frozen, or otherwise prepared, are classifiable under the *eo nomine* provision for mangoes, it cannot be held that sliced mangoes in brine are not covered by it.

Plaintiff, however, claims that the imported merchandise is something other than prepared mangoes, that is, a new article used in condiments or relishes. The testimony of W. L. Kennedy indicates that the type of mango involved herein is not edible as a fresh fruit but is only suitable for use as an ingredient in the manufacture of chutney. Chutney has been defined as "a sweet pickle or relish prepared from sweet fruits such as mangoes, raisins, etc., with acid flavouring from tamarinds, lemons, limes and sour herbs, and with a hot seasoning of chillies, cayenne pepper and spices" (The Encyclopaedia Britannica, 14th ed., vol. 5, p. 689). Since sweet mangoes may also be used in the manufacture of chutney, the use of the turpentine mango is not different from that of other types, although it may be more limited.

The merchandise herein is recognizable as mangoes. The *pro forma* invoice covers "175 barrels of Mangoes" and the consumption entry describes the product as "Mangoes in brine." It is not a condiment or relish, but an ingredient therefor. The fact that it is pickled does not change its classification since there is no separate tariff provision for pickles. As the provision for mangoes is not limited, it includes pickled as well as prepared mangoes.

The fact that the specific duty assessed herein is equivalent to a high ad valorem rate does not indicate that the former should not apply. The Digest of Trade Data, above referred to, contains a statement that the duty of 15 cents a pound was equivalent to a 95 per centum ad valorem duty, indicating that the negotiators knew the rate was high and therefore reduced it. There is nothing to show that they intended to except from paragraph 746 turpentine mangoes or mangoes in brine.

Since the plaintiff has failed to establish any intent to limit the *eo nomine* provision for mangoes contained in paragraph 746, we hold that the merchandise herein is properly dutiable under that paragraph, as modified. The protest is overruled and judgment will be rendered accordingly.